IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE C. BADGETT,

        Plaintiff,                No. CIV S-05-2608 GEB EFB P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.         ORDER

_____/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee. *See* 28 U.S.C. § 1914(a).  An initial partial payment of $19 is assessed pursuant to section 1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1    Plaintiff requests the court to certify this matter as a class action.  Pro se prisoners have

2    neither the authority to represent anyone but themselves nor the ability to protect the interests of

3    other prisoners as required by Fed. R. Civ. P. 23.  *See Russell v. United States*, 308 F.2d 98 (9th

4    Cir. 1962);  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Since plaintiff proceeds

5    pro se, he cannot represent a class.

6    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the

7    reasons stated, finds it does not state a cognizable claim against any defendant.  To proceed,

8    plaintiff must file an amended complaint.

9    Any amended complaint must show that the federal court has jurisdiction and that

10   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

11   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

12   defendant only persons who personally participated in a substantial way in depriving plaintiff of

13   a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

14   subjects another to the deprivation of a constitutional right if he does an act, participates in

15   another's act or omits to perform an act he is legally required to do that causes the alleged

16   deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

17   participants and allege their agreement to deprive him of a specific federal constitutional right.

18   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

19   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

20   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

21   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

22   The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

23   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

24   heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

25   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

26   ////

1    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

2    directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

3    point of a simplified pleading system, which was adopted to focus litigation on the merits of a

4    claim."); Fed. R. Civ. P. 8.

5    Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

6    speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

7    defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

8    (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

9    *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

10   Civil Procedure is fully warranted" in prisoner cases).

11   A district court must construe pro se pleading "liberally" to determine if it states a claim

12   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

13   opportunity to cure them.  *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1986).

14   Habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his

15   confinement and seeking immediate or speedier release from custody.  *Preiser*, 411 U.S. at 500.

16   An action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of

17   confinement.  *Nelson v. Campbell*, 541 U.S. 637, 643-44 (2004); *Preiser*, 411 U.S. at 498-99.

18   To obtain relief for allegedly unconstitutional conviction or imprisonment, or for other harm

19   caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

20   plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

21   by executive order, declared invalid by a state tribunal authorized to make such determination, or

22   called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*,

23   512 U.S. 477 (1994).

24   Plaintiff alleges he was convicted of murder committed on or after November 8, 1978,

25   and that in 1980 a state court invalidated the sentence in a writ of habeas corpus.  He seeks

26   injunctive and declaratory relief, including immediate release.  Plaintiff does not attach a copy of

the judgment explaining the relief granted and so the court cannot reliably determine whether plaintiff states a cognizable claim.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's February 17, 2006, request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $250 and shall make an initial payment of

1   $19.   All payments shall be collected in accordance with the notice to the Director of the

2   California Department of Corrections and Rehabilitation filed concurrently herewith.

3         3.  Plaintiff's June 20, 2006, motion to certify this matter as a class action is denied;

4         4.  Plaintiff's February 17, 2006, request for service of summons is denied;

5         5.  The December 23, 2005, complaint is dismissed with leave to amend within 30 days.

6   Plaintiff shall file an original and one copy of the amended complaint, which must bear the

7   docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an

8   amended complaint will result in a recommendation this action be dismissed for failure to state a

9   claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed

10  with service of process by the United States Marshal.

11  Dated: September 5, 2006.

12

13

                        EDMUND F. BRENNAN

                        UNITED STATES MAGISTRATE JUDGE

\badg2608.dsms lta - no cogn clm

14

15

16

17

18

19

20

21

22

23

24

25

26