IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE C. BADGETT,

      Plaintiff,      No. CIV S-05-2608 GEB EFB P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.    FINDINGS AND RECOMMENDATIONS

  Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. In the December 23, 2005, complaint plaintiff alleges defendants have violated his right to due process by failing to amend his sentence to conform with changes in California law. Defendants have not been served with process.

  On June 20, 2006, plaintiff filed a motion for a preliminary injunction that seeks an order enjoining defendants from treating him as a life prisoner in prison disciplinary proceedings, in parole suitability hearings or in any other procedure. For the reasons stated below, plaintiff fails to meet his burden in seeking a preliminary injunction.

  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc*., 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury

would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Textile Unlimited, Inc. v. A.BMH & Co., Inc*., 240 F.3d 781, 786 (9th Cir. 2001); *Miller v. California Pacijic Med. Ctr*., 19 F.3d 449, 456 (9th Cir. 1994). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Miller*, 19 F.3d at 456; see also *Tillamook County v. U.S. Army Corps of Engineers*, 288 F.3d 1140, 1143 (9th Cir. 2002). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal*., 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff fails to satisfy his burden under either test. At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). In a separate order filed this date, the court determined that the complaint does not state a cognizable claim for relief. Having failed to assert a cognizable claim, plaintiff has made no showing of a likelihood that he will succeed on the merits, or even that serious questions have been raised.

////

1   For all of the foregoing reasons, it is RECOMMENDED that plaintiff's June 20, 2006,
2   application for a preliminary injunction should be denied.
3   Pursuant to 28 U.S.C. § 636(b)(l) these findings and recommendations are submitted to
4   the district judge assigned to this case.  Written objections may be filed within 20 days after
5   service of these findings and recommendations.  The document should be captioned "Objections
6   to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or
7   modify these findings and recommendations in whole or in part.
8   Dated:  September 5, 2006.

         _____
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

11  \badg2608.dny pi tro