1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LANCE C. BADGETT,

11              Plaintiff,            No. CIV S-05-2608 GEB EFB P

12        vs.

13   CALIFORNIA DEPARTMENT              FINDINGS AND RECOMMENDATIONS
     OF CORRECTIONS, et al.,

14
              Defendants.
15   _____/

16        Plaintiff Lance Badgett is a prisoner without counsel seeking relief for alleged civil rights

17   violations.  *See* 42 U.S.C. § 1983.  He paid the filing fee.  This proceeding was referred to this

18   court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        On September 6, 2006, the court determined that plaintiff's complaint failed to state a

20   claim for relief because he challenges the length of his sentence and seeks immediate release, but

21   did not make the showing required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The court

22   explained that to proceed plaintiff must demonstrate that his conviction or sentence was reversed

23   on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

24   make such determination, or called into question by a federal court's issuance of a writ of habeas

25   corpus, and dismissed the complaint with leave to amend.  The court also denied plaintiff Lance

26   Badgett's motion to certify this matter as a class action and explained to plaintiff that he could

1  not represent other prisoners.  Plaintiff Lance Badgett has filed a first amended complaint.  It

2  was sworn to and signed by three other prisoners.

3       The court has reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A and,

4  for the following reasons, finds it fails to state a claim for relief.

5       To state a claim under 42 U.S.C. § 1983, plaintiffs must allege an identified defendant

6  deprived plaintiffs of a right secured to them by the Constitution or laws of the United States

7  while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A complaint

8  must be dismissed for failure to state a claim if "judgment in favor of the plaintiff would

9  necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can

10  demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*,

11  512 U.S. 477, 487 (1994).

12       Plaintiffs allege that they are serving indeterminate life sentences and that defendants

13  have violated their rights by failing to establish the earliest date that they were eligible for parole

14  as their actual release dates.  First Amended Complaint, at 7.  California prisoners serving life

15  sentences must serve at least seven calendar years before they can be released to parole.  Cal.

16  Pen. Code § 3046.  Once judgment is entered, corrections officials calculate a life prisoner's

17  "minimum eligible parole date,"  ("MEPD"), i.e., the earliest possible date that a prisoner could

18  be released on parole, if he is found suitable for such release.  Cal. Pen. Code §§ 3041, 3041.5;

19  Cal. Code Regs. tit. 15, § 2000 (defining MEPD).  Plaintiffs assert that if defendants were to

20  follow this statutory scheme, they would be entitled to immediate release.  First Amended

21  Complaint, at 8 & Attach. 1.  Assuming that plaintiffs state a federally cognizable claim, success

22  on it would necessarily demonstrate the invalidity of their confinement.  But plaintiffs have not

23  demonstrated that their convictions or sentences already have been invalidated.

24       Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's

25  failure to state a cognizable claim.  *See* 28 U.S.C. § 1915A;  *Heck v. Humphrey*, 512 U.S. 477,

26  487 (1994); *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding

without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE